C. Moze Cowper (CA Bar No. 236614)
mcowper@cowperlaw.com
Noel E. Garcia (CA Bar No. 236831)
ngarcia@cowperlaw.com
**COWPER LAW PC**
10880 Wilshire Boulevard, Suite 1840
Los Angeles, California 90024
Tel.: 877-529-3707

Adam J. Levitt*
alevitt@dicellolevitt.com
Amy E. Keller*
akeller@dicellolevitt.com
Laura E. Reasons*
lreasons@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900

Matthew S. Miller*
mmiller@msmillerlaw.com
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085

* *Pro Hac Vice* Admission Pending

***Counsel for Plaintiff and the Proposed Class***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AKAYLA MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>Defendant. | Civil Action No. __20-cv-3833__<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Akayla Miller ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as more fully defined below), brings this class action complaint against Defendant Board of Trustees of the California State University ("Defendant" or "CSU").   Plaintiff makes the following allegations upon personal knowledge as to her own acts, and upon information and belief, and her attorneys' investigation, as to all other matters, alleging as follows:

## I.      NATURE OF THE ACTION

1.      This is a class action brought on behalf of all people who paid fees for the Spring 2020 academic semester or quarter at any of the 23 campuses within the CSU system and who, because of CSU's response and policies relating to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefits of the services for which their fees were paid, without having a pro-rated portion of those fees and costs refunded to them, in full and without condition.   For purposes of this Complaint, "semester" also encompasses "quarter" and means any academic period for which Plaintiff and the other Class members paid fees, but experienced a loss of services because of COVID-19.

2.      On or about March 17, 2020, CSU announced that because of the global COVID-19 pandemic and mass gathering guidelines implemented by the California Department of Health, classes at all CSU campuses would immediately transition from in-person operations to a virtual mode for the remainder of the Spring 2020 semester.   In mid-March, students were encouraged to move off-campus unless they had no other option.   All athletic events and other co-curricular activities were also suspended. Students were encouraged to return to their homes to complete their coursework online.

3.      Because all classes were moved online, all activities suspended, and facilities closed, there was no reason for students to remain on campus if they had other housing available to them and no reason for students who did not live on campus to come to campus as they had always done to attend class.   This is particularly so in the face of the dangers, risks, and fear associated with the pandemic.   On information and belief, many students

ORIGINAL CLASS ACTION COMPLAINT

chose to leave campus to be closer to their families, or to avoid exposure to COVID-19, and have stayed off campus to comply with directives from CSU, and local, state, and federal governments.

4. Despite its constructive eviction of students from campus for the remainder of the semester and ending all campus activities for at least that same time period, CSU has not offered refunds to students for the unused portion of their campus fees paid to cover the cost of certain on-campus services which are no longer available to students. CSU is, in essence, profiting from this pandemic.

5. CSU's decision to transition to online classes and to instruct students to leave campus were responsible decisions to make, but it is unfair and unlawful for CSU to retain fees and costs and to pass the losses on to the students and/or their families. Other higher education institutions across the United States that also have switched to e-learning and have requested that students leave campus have recognized the upheaval and financial harm to students and/or their families from these decisions and have provided appropriate refunds. That is the right thing to do. CSU, unfortunately, has taken the opposite approach by failing to provide any refunds of fees, despite requests from students and/or their families.

6. Accordingly, CSU has improperly retained monies paid by Plaintiff and the other Class members for these fees, for services that are no longer available. Even if CSU claims that it did not have a choice, it nevertheless has improperly retained funds for services it is not providing. No matter the excuse, CSU's actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid to make Plaintiff and the other Class members whole.

7. Plaintiff brings this class action for injunctive, declaratory, and equitable relief resulting from CSU's illegal, unfair, or deceptive conduct, namely retaining the costs of fees paid by Plaintiff and the other Class members, while forcing or encouraging Plaintiff and the other Class members (or the students on behalf of who Plaintiff and Class members paid these expenses) to move off campus.

8.     This lawsuit seeks disgorgement of the pro-rated, unused amounts of fees (as further described herein) that Plaintiff and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit thereof.

## II.   PARTIES

### A.   Plaintiff

9.     Akayla Miller is a student at Sonoma State University and a citizen of the State of California.  Ms. Miller paid the cost of fees at Sonoma State University for the Spring 2020 semester.  Plaintiff left campus in mid-March of 2020 and has not returned in accordance with CSU's policies and mandates relating to COVID-19.

10.    Despite the shutdown of campus and suspension of on-campus activities, Plaintiff has not been offered or provided any refund of any fees that she paid for the semester.

### B.   Defendant

11.    The Board of Trustees of the California State University was established by the State legislature to oversee CSU's 23-campus system, the nation's largest higher education system.  The CSU system includes campuses in Bakersfield, Channel Islands, Chico, Dominguez Hills, East Bay, Fresno, Fullerton, Humboldt, Long Beach, Los Angeles, Maritime, Monterrey Bay, Northridge, Pomona, Sacramento, San Bernardino, San Diego, San Francisco, San José, San Luis Obispo, San Marcos, Sonoma, and Stanislaus, California.

12.    CSU resides in Los Angeles County, California, with its principal place of business at 401 Golden Shore, Long Beach, California  90802.

13.    CSU is a corporate body that can sue and be sued.  Plaintiff does not seek to recover any taxpayer funds or funds from the State's coffers.  Rather, Plaintiff seeks equitable relief, including disgorgement of the pro-rated, unused amounts of fees (as further described herein) that Plaintiff and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit thereof.

ORIGINAL CLASS ACTION COMPLAINT

### III.    JURISDICTION AND VENUE

14.    This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which at least one Class member is a citizen of a state different from CSU.  Namely, CSU is a California citizen, and many Class members are from states other than California.

15.    This Court has personal jurisdiction over CSU because it resides in this District.

16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because CSU resides in this District and is a resident of California, the state in which the District is located.

### IV.    FACTUAL ALLEGATIONS

**A.    *Plaintiff and the Other Class Members Paid Fees for the Spring 2020 Semester***

17.    Class members are individuals who paid fees at CSU campuses for the Spring 2020 semester.

18.    Campus Mandatory Fees at CSU campuses include:

- Health Facilities;
- Health Services;
- Instructionally Related Activities;
- Materials Services and Facilities;
- Student Success Fee;
- Student Association; and
- Student Center.[1]

---

[1] The California State University, Campus Mandatory Fees (2019-20), available at https://www2.calstate.edu/attend/paying-for-college/csu-costs/tuition-and-fees/campus-mandatory-fees (last accessed April 26, 2020).

19.     Depending on campus location, the annual fees paid by Plaintiff and the other Class members for the 2019-2020 academic year ranged from $847 to $4,201.[2]

20.     The fees listed and described in Paragraphs 18 and 19 (above) are provided by way of example; the total amount of fees for which this action seeks Defendant's disgorgement thereof—which may include other fees that are not listed herein but that were paid and not refunded—will be proven at trial.  For purposes of this action, "fees" do not include the cost of tuition or the cost of room and board.

### B.     *In Response to COVID-19, CSU Gets It Half Right: Students Are Required or Encouraged to Leave Campus, But Their Fees Are Not Refunded*

21.     Beginning in January 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

22.     In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19.  Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

23.     Students expressed concern that, if they stayed on campus or in student residence halls, the living conditions would threaten their safety, and expose them to COVID-19.

24.     On March 4, 2020, Governor Gavin Newson entered an executive order declaring a state of emergency to exist in California relating to COVID-19.

25.     On March 19, 2020, Governor Newson entered an executive order requiring all individuals living in California to stay home or at their place of residence except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, social distancing must be practiced).[3]

[2] *Id.*

[3] Executive Department, State of California, Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (last accessed April 26, 2020).

26.     The Federal Government has also responded to the COVID-19 pandemic in ways that benefit CSU and help CSU cover the costs associated with the disruption. Specifically, $14 billion of stimulus funds have been set aside to aid institutions of higher education.  On information and belief, the State of California will receive over $3.8 billion for higher education.[4]  CSU will receive over $350 million.[5]

27.     The stimulus monies are designed to help students and it would be inequitable for CSU to retain the value of these stimulus funds while, at the same time, ceasing to provide services to students and not returning the full, pro-rated amounts that were paid for these services.  Certain CARES fund monies must be distributed directly to students. This does not absolve CSU, however, of being required to disgorge the wrongly-retained monies that Plaintiff and the other Class members paid for fees.  This makes sense because the CARES funds are intended to be used as emergency cash grants, not as a vehicle for universities to retain money that is not theirs to retain.  Given the unprecedented disruption and financial impact to students and their families, these cash grants are necessary for students and their families.  Indeed, in most cases, students were not eligible for the $1,200 CARES Act checks that many Americans received.  Funds distributed through universities may be the only portion of the unprecedented $2 trillion federal stimulus package that students receive.  The fact that students may receive certain taxpayer monies through a federal stimulus plan does not entitle CSU to retain fees that belong to Plaintiff and the other Class members and, indeed, these fees must be disgorged and returned to them.

28.     In March 2020, CSU also issued various mandates to students, requiring them to begin taking all classes remotely and, in most cases, not return to campus, including to their on-campus housing, for the remainder of the Spring 2020 semester.

[4] How Much Will States Receive Through the Education Stabilization Fund in the CARES Act?  Center on Budget and Policy Priorities (April 3, 2020), https://www.cbpp.org/research/state-budget-and-tax/how-much-will-states-receive-through-the-education-stabilization-fund.

[5] U.S. Dept. of Education, Allocations for section 18004(a)(1) of the CARES Act, available at https://www2.ed.gov/about/offices/list/ope/allocationsforsection18004a1ofcaresact.pdf (last accessed April 26, 2020).

29.   In March 2020, CSU also cancelled on-campus and other co-curricular activities, included athletic events.

30.   CSU has also cancelled or postponed in-person graduation ceremonies at its campuses.

31.   The effect of CSU's COVID-19-related protocols and messaging is that all students have effectively been forced to leave campus, unless they truly had no other safe place to go.  For students who do remain on campus, services are now extremely limited. For students who do not live on campus, there is no reason to come to campus, since all activities have been cancelled and all classes have moved online.

32.   Notwithstanding each of the above-listed facts, CSU has not granted its students and/or their families refunds of their fees, even though they are no longer able to use the services for which they paid.

33.   While social distancing is recommended by healthcare professionals and even the Centers for Disease Control and Prevention ("CDC"), the resulting impact to the economy—and individual families' wallets—cannot be understated.[6]   Rather than acknowledge the difficult financial stresses that COVID-19 has placed on families, CSU students and/or their families were expected to bear the brunt of the stress.

34.   CSU has announced that it will return certain room and board costs.  CSU, however, has not offered or provided students and/or their families any refund of the miscellaneous campus fees they paid that were unused and will not be able to be used.

35.   As soon as CSU announced that classes were moving online and campuses were effectively closing, the fees they paid for the semester should have been promptly returned to Plaintiff and the other Class members and are now, effectively, held in trust by

---

[6] Carlos Granda, Marc Brown, and Grace Manthey, *CA unemployment claims reach historic level amid coronavirus pandemic*, ABC7 Eyewitness News (April 3, 2020), https://abc7.com/unemployment-claims-coronavirus-california/6071366/ (nearly 879,000 Californians filed for unemployment during the week ending March 28, 2020, which is nearly five times more than the previous week's number. The last two weeks total more than 1 million people statewide).

ORIGINAL CLASS ACTION COMPLAINT

CSU for the benefit of students and/or their families, including Plaintiff and the other Class members, and must be disgorged and returned to them.

36.    CSU has retained the value of monies paid by Plaintiff and the other Class members for fees, while failing to provide the services for which those fees were paid. Even if CSU has a legal right to cancel the fee contracts and no longer provide the services for which the fees paid, it does not have the right to retain the monies that students and/or their families paid for those services.  The inequity is further highlighted by the fact that CSU will be receiving hundreds of millions of dollars in aid to help cover the costs associated with the COVID-19 disruption.

37.    Class members have demanded the return of the unused portions of the fees that they paid, through a number of channels, including through online forums.[7]

38.    In addition, students and/or their families have contacted CSU directly and/or left comments on online forums requesting refunds, all to no avail.

39.    Despite these demands CSU has stood by its policy of refusing fee refunds.

40.    Through this lawsuit, Plaintiff seeks—individually and on behalf of the other Class members—CSU's disgorgement of the pro-rated, unused portion of fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services ceased being provided.  These amounts must be fully disgorged and returned to Plaintiff and the other Class members.  It is inequitable, unfair, and illegal for CSU to retain these funds.

## V.    CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4) for damages, equitable relief, and disgorgement on behalf of the Class, defined as:

---

[7] *See, e.g.,* Change.org Petition, Refund of Rec and Student Activity Fees, https://www.change.org/p/csu-refund-of-rec-and-student-activity-fees (over 1,500 individuals have signed).

> All people who paid fees for or on behalf of themselves or other students enrolled in classes at any CSU campus for the Spring 2020 semester, including students and/or their families or guardians who paid fees (the "Class").

42.     Excluded from the Class are CSU and any of its respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

43.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

44.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**   The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  The precise number of Class members is unknown to Plaintiff, but may be ascertained from CSU's records and, based upon publicly available information, is presumed to be not less than 480,000 people.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

45.     **Commonality—Federal Rule of Civil Procedure 23(a)(2); Predominance—Federal Rule of Civil Procedure 23(b)(3).**   This action involves questions of law and fact common to the Class, which predominate over any individual questions, including, without limitation:

> a.     Whether CSU engaged in the conduct alleged herein;
>
> b.     Whether CSU breached its contracts with Plaintiff and the other Class members by retaining fees without providing the services which the fees were intended to cover;

c.      Whether CSU was unjustly enriched by retaining fees of Plaintiff and the other Class members without providing the services that the fees were intended to cover;

d.      Whether CSU committed conversion by retaining fees of Plaintiff and the other Class members without providing the services that the fees were intended to cover;

e.      Whether certification of the Class is appropriate under Fed. R. Civ. P. 23;

f.      Whether Plaintiff and the other Class members are entitled to prospective declaratory, equitable, or injunctive relief, including disgorgement, and/or other relief; and

g.      The amount and nature of relief to be awarded to Plaintiff and the other Class members.

46.     **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid for fees associated with the Spring 2020 semester at CSU but were not provided the services that those fees were meant to cover, nor were they reimbursed therefor.  Plaintiff and the other Class members each suffered harm—namely, CSU retaining their fees and monies paid—as a direct and proximate result of the same wrongful conduct in which CSU engaged.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

47.     **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

48.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).**  CSU has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

49.     **Certification of Specific Issues—Federal Rule of Civil Procedure 23(c)(4).**  To the extent a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

## VI.   CLAIMS ALLEGED

### FIRST CLAIM FOR RELIEF

**Breach of Contract**

**Plaintiff and the Other Class Members**

50.     Plaintiff repeats and alleges the allegations in Paragraphs 1-49, above, as if fully alleged herein.

51.     Plaintiff brings this claim individually and on behalf of the other Class members.

52.     Plaintiff and the other Class members entered into contractual agreements with CSU which provided that Plaintiff and the other Class members would pay fees for or on behalf of students, and, in exchange, CSU would provide services to students.

53.     Plaintiff and the other Class members fulfilled their end of the bargain when they paid the fees for the Spring 2020 semester.

54.     CSU breached its contracts with Plaintiff and the other Class members when it moved classes online, cancelled on-campus events and activities, and stopped providing services for which the fees were intended to pay.

55.     Even if performance was excused, CSU cannot retain funds for services it will not provide.

56.     CSU retained monies paid by and which belong to Plaintiff and the other Class members, without providing them the benefit of their bargain.

ORIGINAL CLASS ACTION COMPLAINT

57.     Plaintiff and the other Class members have been deprived of the value of the services the fees they paid were intended to cover, while CSU retained those fees.  Plaintiff and the other Class members are entitled to an equitable remedy—here: disgorgement of the pro-rated, unused amounts of fees that CSU already charged and which Plaintiff and the other Class members have paid.

## SECOND CLAIM FOR RELIEF

### Unjust Enrichment

### Plaintiff and the Other Class Members

58.     Plaintiff repeats and alleges the allegations in Paragraphs 1-49, above, as if fully alleged herein.

59.     Plaintiff brings this claim individually and on behalf of the other Class members and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other Class members (First Claim for Relief, above).

60.     CSU has received a benefit at the expense of Plaintiff and the other Class members to which it is not entitled.  Plaintiff and the other Class members paid fees to CSU and did not receive the full benefit of their bargain, while CSU continues to retain those fees.

61.     Plaintiff and the other Class members paid fees for or on behalf of students, which were intended to cover services for the Spring 2020 semester.  In exchange, students were entitled to receive those services for the entire semester.

62.     CSU moved classes online, cancelled on-campus events and activities, and stopped providing services the fees were intended to cover.

63.     CSU has been unjustly enriched by retaining the fees paid by Plaintiff and the other Class members for the semester while not providing the services for which those fees paid.  Equity requires CSU to return to Plaintiff and the other Class members the remaining, prorated amounts of fees paid for the Spring 2020 semester.

## **THIRD CLAIM FOR RELIEF**

### **Conversion**

### **Plaintiff and the Other Class Members**

64.     Plaintiff repeats and alleges the allegations in Paragraphs 1-49 above, as if fully alleged herein.

65.     Plaintiff brings this claim individually and on behalf of the other Class members.

66.     Plaintiff and the other Class members have a right to the services that were supposed to be provided in exchange for their payments of fees to CSU.

67.     CSU intentionally interfered with the rights of Plaintiff and the other Class members when it moved all classes to an online learning format, cancelled on-campus events and activities, and discontinued services for which the fees were intended to pay, while retaining the fees paid by Plaintiff and the other Class members.

68.     Class members demanded the return of the pro-rated, unused fees for the remainder of the Spring 2020 semester.

69.     CSU's retention of the fees paid by Plaintiff and the other Class members without providing the services for which they paid, deprived Plaintiff and the other Class members of the benefits for which the fees paid.

70.     This interference with the services for which Plaintiff and the other Class members paid, harmed Plaintiff and the other Class members in that CSU has retained monies that are rightfully theirs.

71.     Plaintiff and the other Class members are entitled to the return of the remaining, pro-rated amounts of fees paid for the Spring 2020 semester.

### **VII.   REQUEST FOR RELIEF**

Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in her favor and against CSU as follows:

   a.      Certifying the Class as requested herein, designating Plaintiff as class representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

b.      Declaring that CSU is financially responsible for notifying the Class members of the pendency of this suit;

c.      Declaring that CSU has wrongfully retained monies paid for fees, which belong to Plaintiff and the other Class members and must be disgorged;

d.      Awarding injunctive relief as permitted by law or equity, including enjoining CSU from retaining the pro-rated, unused portion of monies paid for fees; and

e.      Awarding such other and further relief as may be just and proper.

## VIII.  <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:  April 27, 2020

/s/ C. Moze Cowper

C. Moze Cowper
Noel E. Garcia
**COWPER LAW LLP**
10880 Wilshire Boulevard, Suite 1840
Los Angeles, California  90024
Tel.:  877-529-3707
mcowper@cowperlaw.com
ngarcia@cowperlaw.com

Adam J. Levitt*
Amy E. Keller*
Laura E. Reasons*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois  60601
Tel.:  312-741-1085
mmiller@msmillerlaw.com

*Pro Hac Vice* Admission Pending

***Counsel for Plaintiff and the Proposed Class***